| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF MILLE LACS | SEVENTH JUDICIAL DISTRICT |

---------------------------------------------------

Randy Holscher and Debra Kickhafer, as trustees for the next-of-kin of Joshua Jon Holscher,

        Plaintiffs,

v.

Mille Lacs County,

        Defendant.

---------------------------------------------------

Court File No. CV-11-75

**AMENDED COMPLAINT**

Plaintiffs, as and for their Complaint, state and allege as follows:

I.

Plaintiffs Randy Holscher and Debra Kickhafer are the duly appointed trustees for the next-of-kin of Joshua Jon Holscher.

II.

Mille Lacs County, hereinafter Defendant, is a government unit for the state of Minnesota with a county seat of Milaca, Minnesota.

III.

Defendant maintains a jail in Milaca, Minnesota.

IV.

Defendant has a duty to use reasonable care towards individuals arrested and placed in its jail.

82218910.1

V.

Defendant knew or should have known that individuals arrested and placed in its jail are at times depressed.

VI.

Defendant knew or should have known that individuals arrested and placed in its jail are at times suicidal.

VII.

That on or about December 3, 2010, Joshua Jon Holscher was arrested and placed in the Mille Lacs County Jail.

VIII.

That between the date of his arrest and December 7, 2010, Defendant by its agents and employees, knew or should have known that Joshua Jon Holscher was depressed.

IX.

That between the date of his arrest and December 7, 2010, Defendant by its agents and employees, knew or should have known that Joshua Jon Holscher was suicidal.

X.

That on December 7, 2010, Defendant did not have Joshua Jon Holscher on suicide watch and had not taken any other precautions to prevent Joshua Jon Holscher from committing suicide, in deliberate disregard of this known danger.

XI.

That on December 7, 2010, Defendant was negligent in its care, custody and supervision of Joshua Jon Holscher and showed a deliberate disregard for the known medical needs of Joshua Jon Holscher.

XII.

That Defendant did not use reasonable care in the maintenance of the cell in which Joshua Jon Holscher was placed, and showed deliberate disregard for his known medical needs by allowing him the tools and means to commit suicide.

XIII.

That Defendant's negligence and deliberate disregard was a proximate cause of and contributing factor to Joshua Jon Holscher's attempted suicide on December 7, 2010.

XIV.

Joshua Jon Holscher died as a result of his attempted suicide.

XV.

That as a direct and proximate result of Defendant's negligence, Joshua Jon Holscher died on December 10, 2010, due to injuries that occurred while in the Defendant's jail on December 7, 2010.

## COUNT I
## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE

XVI.

Plaintiffs hereby reallege and incorporate by reference the allegations complained within paragraphs I through XV of this Complaint.

XVII.

While incarcerated in Defendant's custody, Joshua Jon Holscher had a constitutional right under the substantive due process clause of the Fourteenth Amendment to the United States Constitution to have his basic human needs met, including to receive adequate medical care, which includes care of psychological needs. Deliberate indifference to an inmate's serious medical needs—including suicide prevention—constitutes a violation of Fourteenth Amendment rights.

XVIII.

Joshua Jon Holscher's constitutional right to receive adequate medical care—including suicide prevention—was clearly established.

XIX.

Defendant was subjectively aware of Joshua's substantial risk of committing suicide and was deliberately indifferent to that risk.

XX.

Defendant's failure to provide any form of suicide prevention also violated Joshua's right to be free from cruel and unusual punishment under Article 1, § 5 of the Minnesota Constitution.

XXI.

As a direct and proximate result of Defendant's acts and/or omissions, as described herein, Defendant Mille Lacs County, while acting under color of state law, deprived Joshua Holscher of his federal constitutional right to receive adequate medical care in the form of suicide prevention and possibly other needed psychological care, in

violation of the Fourteenth Amendment and 42 U.S.C. § 1983 and Article 1, § 5 of the Minnesota Constitution.

## COUNT II
## DENIAL OF DUE PROCESS RIGHT TO LIFE

XXII.

Plaintiffs hereby reallege and incorporate by reference the allegations complained within paragraphs I through XXI of this Complaint.

XXIII.

Joshua Jon Holscher had a right under the substantive due process clause of the Fourteenth Amendment to the United States Constitution not to be deprived of his life without due process of law. While incarcerated in Defendant's custody, Joshua Jon Holscher was unable to care for himself, and because of this special relationship Defendant had an affirmative duty to protect Joshua from life-threatening medical conditions, including suicide.

XXIV.

Joshua Jon Holscher's constitutional right not to be deprived of his life without due process of law under these circumstances was clearly established.

XXV.

Defendant's acts and/or omissions that deprived Joshua Holscher of his right to life without due process of law also violated Article 1, § 7 of the Minnesota Constitution.

XXVI.

As a direct and proximate result of Defendant's acts and/or omissions, as described herein, Defendant Mille Lacs County, while acting under color of state law, deprived Joshua Jon Holscher of his federal constitutional right to life without due process of law, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 and Article 1, § 7 of the Minnesota Constitution.

## COUNT III
## FAILURE TO TRAIN

XXVII.

Plaintiffs hereby reallege and incorporate by reference the allegations complained within paragraphs I through XXVI of this Complaint.

XXVIII.

Joshua Jon Holscher's death was a direct result not only of Defendant's acts and/or omissions in violation of the Fourteenth Amendment to the federal constitution and 42 U.S.C. § 1983 and the Minnesota Constitution as described herein, but also of constitutional violations caused by Defendant Mille Lacs County's failure to train its employees how to adequately investigate, assess, and evaluate inmates' medical needs, and how to properly monitor an inmate with known suicidal tendencies. Mille Lacs County's failure to train its employees in these ways amounted to deliberate indifference to Joshua Holscher's constitutional rights.

XXIX.

As a direct and proximate result of Defendant's failure to train, as described herein, Defendant Mille Lacs County, while acting under color of state law, deprived Joshua Jon Holscher of his federal constitutional right to receive adequate medical care in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 and Article 1, § 5 of the Minnesota Constitution and his federal constitutional right to not be deprived of life without due process of law, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 and Article 1, § 7 of the Minnesota Constitution.

## COUNT IV
## NEGLIGENCE & WRONGFUL DEATH

XXX.

Plaintiffs hereby reallege and incorporate by reference the allegations complained within paragraphs I through XXIX of this Complaint.

XXXI.

Defendant, by all of its above-mentioned actions and omissions, breached its duties under Minnesota common law to exercise a reasonable standard of care with respect to its treatment of Joshua Jon Holscher and wrongfully caused Joshua Jon Holscher's death in violation of the Wrongful Death Act, Minn. Stat. § 573.02.

## DAMAGES

As a direct and proximate result of Defendant's acts and/or omissions, as described herein, Randy Holscher and Debra Kickhafer, as trustees for the next-of-kin of Joshua Jon Holscher, have been damaged in an amount in excess of $50,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

A.  Finding that Defendant committed acts and omissions that constituted violations of the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. §1983, and of the Minnesota Constitution;

B.  Awarding judgment in favor of Plaintiffs against the Defendant in an amount in excess of $50,000 as and for compensatory damages;

C.  Awarding Plaintiffs all applicable pre-judgment and post-judgment interest;

D.  Awarding Plaintiffs their contingency attorneys' fees and costs or, in the alternative, their attorneys' fees and costs as determined by the Court pursuant to 42 U.S.C. § 1988; and

E.  Awarding such other and further relief as the Court may deem just and equitable.

|  |  |
|---|---|
|  | **CUROTT & ASSOCIATES, LLC** |
| Dated: May 23, 2011 | _/s/ Richard W. Curott_ |
|  | Richard W. Curott (#20448)<br>P.O. Box 206<br>Milaca, Minnesota 56353<br>320-983-2104 |
|  | **ATTORNEYS FOR PLAINTIFF RANDY HOLSCHER, AS CO-TRUSTEE FOR THE NEXT-OF-KIN OF JOSHUA JON HOLSCHER** |
| AND |  |
|  | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| Dated: May 25, 2011 | _/s/ Vincent J. Moccio_ |
|  | Vincent J. Moccio (# 184640)<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN  55402-2015<br>612-349-8500 |
|  | **ATTORNEYS FOR PLAINTIFF DEBRA KICKHAFER, AS CO-TRUSTEE FOR THE NEXT-OF-KIN OF JOSHUA JON HOLSCHER** |

## ACKNOWLEDGMENT REQUIRED BY
## MINN. STAT. § 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

CUROTT & ASSOCIATES, LLC
Richard W. Curott (#20448)
P.O. Box 206
Milaca, MN 56353
320-983-2104

**ATTORNEYS FOR PLAINTIFF
RANDY HOLSCHER, AS CO-TRUSTEE
FOR THE NEXT-OF-KIN OF
JOSHUA JON HOLSCHER**

**AND**

ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.

Dated: 5/25/2011

_____
Vincent J. Moccio (#184640)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

**ATTORNEYS FOR PLAINTIFF
DEBRA KICKHAFER, AS CO-TRUSTEE
FOR THE NEXT-OF-KIN OF
JOSHUA JON HOLSCHER**